William J. Edelman (SBN: 285177)
**MILBERG, PLLC**
227 West Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (771) 474-1121
Email: wedelman@milberg.com

Heather M. Lopez (SBN: 354022)
**MILBERG, PLLC**
280 S. Beverly Drive-Penthouse,
Beverly Hills, CA 90212
Telephone: (331) 240-3015
Email: hlopez@milberg.com

Scott Edelsberg (SBN: 330090)
**EDELSBERG LAW, P.A.**
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (305) 975-3320
Email: scott@edelsberglaw.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**QUI NGUYEN,** individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

**KLAVIYO, Inc.,** a Delaware corporation

*Defendant*.

**Case No.**: 5:25-cv-06551-EKL

**PLAINTIFF'S OPPOSITION TO DEFENDANT KLAVIYO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

Date: January 14, 2026
Time: 10:00 a.m.
Judge Hon. Eumi K. Lee
Action filed: August 4, 2025

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ iii

LEGAL STANDARD ........ - 1 -

ARGUMENT ........ - 2 -

CONCLUSION ........ - 6 -

## TABLE OF AUTHORITIES

Page(s)

**Cases**


*Apollo Enter. Sols., Inc. v. Lantern Credit, LLC*, No. CV 17–02331–AB (JCX), 2018 WL 437472 (C.D. Cal. Jan. 16, 2018) ................................ 3

*Bernardi v. JPMorgan Chase Bank, NA.*, No. C-11-04543 RMW, 2012 WL 33894 n. 1 (N.D. Cal., Jan. 6, 2012)........................................ 4

*Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015) ........................................................................ 4, 5

*Hornish v. King Cnty.*, 899 F.3d 680 (9th Cir. 2018) ........................................................................................ 5

*In re Facebook, Inc. Securities Litig.*, 405 F. Supp. 3d 809 (N.D. Cal. 2019) ........................................................................... 2

*In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987 (N.D. Cal. 2024) ........................................................................... 5

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) ............................................................................... *passim*

*Landrum v. Mercedes-Benz Fin. Servs. USA LLC*, 2024 U.S. Dist. LEXIS 241375 (C.D. Cal. Oct. 30, 2024)......................................................... 2

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ........................................................................................ 1

*Luong v. Super Micro Computer, Inc.*, No. 24-CV-02440-NW, 2025 WL 1696819 (N.D. Cal. June 17, 2025).......................................... 4

*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) ........................................................................................ 1

*Murj, Inc. v. Rhythm Mgt. Group, Inc.*, No. 5:21-CV-00072-EJD, 2022 WL 3589574 (N.D. Cal. Aug. 22, 2022)...................................... 5

*Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998) ........................................................................................ 5

*Ramachandran v. City of Los Altos*,
No. 18-cv-01223-VKD, 2024 U.S. Dist. LEXIS 136561 (N.D. Cal. Aug. 1, 2024) ...................... 1

*Rollins v. Dignity Health*,
338 F. Supp. 3d 1025 (N.D. Cal. 2018) .......................................................................... 2

*Smith v. Rack Room Shoes, Inc.*,
No. 24-CV-06709-RFL, 2025 WL 1085169 n.1 (N.D. Cal. Apr. 4, 2025) .................................... 3

*St. Aubin v. Carbon Health Techs., Inc.*,
No. 24-CV-00667-JST, 2024 WL 4369675 (N.D. Cal. Oct. 1, 2024)............................................ 3

*Taylor v. Deutsche Bank Nat'l Tr. Co.*,
727 F. App'x 241 (9th Cir. 2018) ............................................................................ 2

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ................................................................................ 1

*Van Buskirk v. Cable News Network, Inc.*,
284 F.3d 977 (9th Cir. 2002) ................................................................................ 1

*Weinhoffer v. Davie Shoring, Inc.*,
23 F.4th 579 (5th Cir. 2022) ................................................................................ 3

*Zaragoza v. Apple Inc.*,
No. 18-CV-06139-PJH, 2019 WL 1171161 (N.D. Cal. Mar. 13, 2019)......................................... 4

**Rules**

Fed. R. Evid. 201(b)............................................................................................ *passim*

Defendant Klaviyo, Inc. ("Klaviyo" or "Defendant") filed a request for judicial notice ("RJN," ECF No. 20) of eleven exhibits (Exhibits A through K) in support of its Motion to Dismiss Plaintiff's Complaint ("MTD," ECF No. 18). That request concerns eleven purported screenshots of internet webpages belonging to third-party websites, five of which were obtained via the Internet Archive's Wayback Machine. Because none of these documents are referenced in the Complaint and derive from third-party websites, this Court should deny judicial notice of these documents. Plaintiff's response to Klaviyo's RJN is as follows:

## LEGAL STANDARD

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Rule 201 permits judicial notice only of facts that are "not subject to reasonable dispute" because they are either (1) "generally known," or (2) "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Although "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment[,]" it "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). The rule is consistent "with the prohibition against resolving factual disputes at the pleading stage." *Id.* at 1003. Finally, "where a document is unnecessary or irrelevant to a court's decision, the court need not take judicial notice." *Ramachandran v. City of Los Altos*, No. 18-cv-01223-VKD, 2024 U.S. Dist. LEXIS 136561, at *11 (N.D. Cal. Aug. 1, 2024).

A court may, however, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). To qualify under the incorporation-by-reference doctrine, "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th

Cir. 2006). "It is improper to judicial[ly] notice a document when the substance of the document is subject to varying interpretations, and there is a reasonable dispute as to what the document establishes." *Landrum v. Mercedes-Benz Fin. Servs. USA LLC*, 2024 U.S. Dist. LEXIS 241375, at *8 (C.D. Cal. Oct. 30, 2024) (refusing to take judicial notice of disputed contract) (citing *Khoja*, 899 F.3d at 1000). A defendant may not use judicial notice as a vehicle to "insert their own version of events into the complaint to defeat otherwise cognizable claims." *In re Facebook, Inc. Securities Litig.*, 405 F. Supp. 3d 809, 829–30 (N.D. Cal. 2019), *aff'd in part, rev'd in part and remanded*, 84 F.4th 844 (9th Cir. 2023) (quoting *Khoja*, 899 F.3d at 1002). And when the plaintiff "challenge[s] the authenticity of the document proffered by Defendant, the District Court err[s] in taking judicial notice of it." *Id.* (quoting *Taylor v. Deutsche Bank Nat'l Tr. Co.*, 727 F. App'x 241, 243 (9th Cir. 2018)) (cleaned up).

**ARGUMENT**

Here, Defendant asks this Court to judicially notice eleven documents from third-party websites www.everymanjack.com and www.shopify.com. Defendant's request far exceeds the narrow bounds of Rule 201. Screenshots of third-party websites—including those retrieved from publicly-available websites and the Internet Archive's Wayback Machine—do not meet that standard.

*First*, Defendant contends that merely because Exhibits A through K are all "publicly available websites" then this Court should take judicial notice of them. That argument grossly oversimplifies the standard. As courts have made clear, "a document is [not] judicially noticeable simply because it appears on a publicly available website, regardless of who maintains the website or the purpose of the document." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) (denying requests for judicial notice where "the only justification offered for this document is that it resides on a publicly-available website."). Unlike government websites, the websites of private parties "are not inherently reliable," and "courts should be cautions before taking judicial notice of documents simply because they were published on a website." *Id.* at 1033. Courts in this District have repeatedly declined to take judicial notice of policies, terms of service, and other

materials taken from *third-party* websites because they are "subject to reasonable dispute, or least some degree of discovery." *St. Aubin v. Carbon Health Techs., Inc.*, No. 24-CV-00667-JST, 2024 WL 4369675, at *3 (N.D. Cal. Oct. 1, 2024) (rejecting to take judicial notice of Facebook's Terms of Service and Google's Privacy Policy even were publicly-available online); *Smith v. Rack Room Shoes, Inc.*, No. 24-CV-06709-RFL, 2025 WL 1085169, at *1 n.1 (N.D. Cal. Apr. 4, 2025) (refusing to take judicial notice of policies and agreements taken from third-party websites).

Further, "a court cannot take judicial notice of disputed facts contained in such public records." *Kohja*, 899 F.3d at 999. The Ninth Circuit has warned that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 998. The Court should deny Defendant's request for judicial notice of the various third-party webpages because they are used to dispute the facts alleged in the complaint.

*Second*, as to the archived webpages, Klaviyo lacks personal knowledge of the reliability of the archive service and cannot authenticate any of these documents pursuant to Rule 901. These documents are not inherently or self-evidently reliable in the same way as documents designated as self-authenticating by Rule 902. There is no testimony in the record to authenticate the archived webpages in Exhibits A, B, D, E, and H. *See Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 584 (5th Cir. 2022) ("Our sister circuits' decisions that the Wayback Machine is not self-authenticating are persuasive in the context of judicial notice. In sum, the district court erred in taking judicial notice of the terms because a private internet archive falls short of being a source whose accuracy cannot reasonably be questioned as required by Rule 201."). Defendant submitted a declaration purporting to authenticate the screenshots (ECF No. 18-1), but such a declaration cannot establish the accuracy or authenticity of third-party websites that Defendant neither controls nor maintains. *Cf. Apollo Enter. Sols., Inc. v. Lantern Credit, LLC*, No. CV 17–02331–AB (JCX), 2018 WL 437472, at *3 (C.D. Cal. Jan. 16, 2018) ("the general concerns raised by taking judicial notice of websites are minimized because the document is a screenshot of [Defendant's] own website.") A declarant employed by Defendant has no personal knowledge of how Everyman Jack, Shopify, the

Internet Archive, or any other third party captured or displayed the pages shown. Courts consistently reject such attempts to authenticate online materials that originate from outside a party's control. *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (denying request for judicial notice of documents on third party websites because it "is not capable of accurate and ready determination."); *see also Luong v. Super Micro Computer, Inc.*, No. 24-CV-02440-NW, 2025 WL 1696819, at *5 (N.D. Cal. June 17, 2025) (denying request for judicial notice of Wayback Machine webpage because it did not comport with Rule 201).

*Third*, even if the Court could take notice that these webpages exist, it may *not* take notice of their contents for the *truth* of the matter asserted. *See Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Defendant's request goes far beyond the limited purpose of judicial notice. Defendant does not merely ask the Court to acknowledge that certain webpages *exist*; it seeks to have Exhibits A through K accepted for the *truth* of their contents—specifically, that Plaintiff viewed, assented to, and was bound by Everyman Jack's and Shopify's online terms and privacy policies. *See* Mot. at 5–7 (arguing that "[t]he Complaint does not allege any facts indicating that Plaintiff did not consent to Every Man Jack's Terms of Service and Privacy Policy, or Shopify's Privacy Policy" and "[n]or does it allege that Plaintiff did not intend to provide his information to Every Man Jack, or any reason that the agreements would not cover collection of the data that Plaintiff claims Klaviyo captured."). These arguments rely on contested factual inferences, not indisputable facts appropriate for judicial notice. *See Zaragoza v. Apple Inc.*, No. 18-CV-06139-PJH, 2019 WL 1171161, at *11 (N.D. Cal. Mar. 13, 2019) ("Whether or not it is appropriate to take judicial notice of the fact that this contract was Apple's standard agreement at some point, the court cannot take judicial notice of Apple's contention that the parties entered into this particular agreement.").

It is black letter law that a court may not judicially notice a document under Rule 201 for its truth. *See Bernardi v. JPMorgan Chase Bank, NA*., No. C-11-04543 RMW, 2012 WL 33894 at *1 n. 1 (N.D. Cal., Jan. 6, 2012) (noting judicial notice of matters of public record is limited to the

existence and authenticity of a document while the veracity and validity of the contents remain open to dispute); *Hornish v. King Cnty*., 899 F.3d 680, 703 (9th Cir. 2018) ("Even if the records are filed on the public docket of the Neighbors case, we can take judicial notice only of the filing of the documents, and not of the truth of the documents' contents."). Courts in this District routinely decline to take notice of web-based materials when the proponent seeks to use them for the truth of disputed matters or to draw factual inferences favorable to its defense. *See In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1001 (N.D. Cal. 2024) ("This notice is limited to the existence and contents of this July 26, 2022 version of Meta's terms of service. The Court cannot conclude from Meta's submission that this was the version in effect during the period relevant to plaintiffs' claims, or that plaintiffs ever assented to the terms therein."); *Murj, Inc. v. Rhythm Mgt. Group, Inc.*, No. 5:21-CV-00072-EJD, 2022 WL 3589574, at *3 (N.D. Cal. Aug. 22, 2022) (declining to take judicial notice of archived webpages of defendant's website where it raised disputed facts as to scope of disclosure); *Gerritsen*, 112 F. Supp. 3d at 1029 (observing that it could take judicial notice on a motion to dismiss only to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true"). Defendant's use of the webpages to imply Plaintiff's consent, intent, or contractual assent invites precisely the kind of fact-based dispute *Khoja* prohibits resolving at the pleading stage.

*Fourth*, Klaviyo also appears to conflate the standards for judicial notice and incorporation by reference by urging the Court to consider Exhibits A through K for the truth of their contents. Klaviyo asserts that "[b]y alleging that he made a purchase from www.everymanjack.com, Plaintiff necessarily alleges that he saw the checkout page and its bolded, underlined hyperlinks" which Klaviyo asks the Court to judicially notice. MTD at 6. But whether a document is "central" to Plaintiff's claims is a question of incorporation by reference—not judicial notice under Rule 201(b). The former allows limited consideration of documents upon which a complaint necessarily relies; the latter applies only to facts not subject to reasonable dispute.

On a motion to dismiss, courts may consider "a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146

F.3d 699, 706 (9th Cir. 1998). Yet, Klaviyo does not show—and does not even assert—that Exhibits A through K were incorporated by reference in the Complaint. RJN, at 1-5. Indeed, Klaviyo does not explicitly argue incorporation by reference because it cannot: Plaintiff's claims do not rely on, reference, or depend upon any of these third-party webpages. As such, Defendant cannot meet the high standard for incorporation by reference. *See Khoja*, 899 F.3d at 1002 ("The doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.").

Instead, Klaviyo invokes judicial notice, claiming these exhibits are "publicly available" and "not reasonably subject to dispute." That is not enough. As *Khoja* cautioned, defendants may not "submit[] documents not mentioned in the complaint to create a defense" because doing so merely "disput[es] the factual allegations in the complaint, but with a perverse added benefit." *Id at* 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."). Here, Klaviyo's reliance on third-party webpages to suggest Plaintiff's knowledge or consent invites precisely the type of factual dispute *Khoja* forbids resolving on a Rule 12(b)(6) motion.

**CONCLUSION**

For the foregoing reasons, Defendant's request for judicial notice should be denied in its entirety. Exhibits A through K are unauthenticated screenshots of third-party webpages whose accuracy, completeness, and relevance are subject to reasonable dispute. Defendant seeks to use those exhibits not merely to establish their existence, but to advance factual inferences regarding Plaintiff's consent, intent, and contractual assent—issues that cannot be resolved on a motion to dismiss. Judicial notice under Rule 201 is a narrow exception, not a vehicle to rewrite the pleadings or to "short-circuit the resolution of a well-pleaded claim." *Khoja*, 899 F.3d at 1002. Because the exhibits are neither incorporated by reference nor proper subjects of judicial notice, the Court should decline to consider them at this stage.

//

//

//

Dated: November 4, 2025

Respectfully submitted,

By: /s/ *William J. Edelman*
William J. Edelman (SBN: 285177)
**MILBERG, PLLC**
227 West Monroe Street, Suite 2100
Chicago IL 60606
Telephone: (771) 474-1121
Email: wedelman@milberg.com

Heather M. Lopez (SBN: 354022)
**MILBERG, PLLC**
280 S. Beverly Drive-Penthouse,
Beverly Hills, CA 90212
Telephone: (331) 240-3015
Email: hlopez@milberg.com

Scott Edelsberg, (CA Bar # 330090)
**EDELSBERG LAW, P.A.**
Scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (305) 975-3320

*Attorney for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of November 2025, I caused a copy of the foregoing to be filed with the Clerk of Court via the Court's electronic filing system, which will send notice of electronic filing to all counsel of record.

/s/ *William J. Edelman*
William J. Edelman