William J. Edelman (SBN: 285177)
**MILBERG, PLLC**
227 West Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (771) 474-1121
Email: wedelman@milberg.com

Heather M. Lopez (SBN: 354022)
**MILBERG, PLLC**
280 S. Beverly Drive-Penthouse,
Beverly Hills, CA 90212
Telephone: (331) 240-3015
Email: hlopez@milberg.com

Scott Edelsberg (SBN: 330090)
**EDELSBERG LAW, P.A.**
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (305) 975-3320
Email: scott@edelsberglaw.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| QUI NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KLAVIYO, INC.,<br><br>Defendant. | Case No. 5:25-cv-06551-EKL<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**<br><br>Date: January 14, 2026<br>Time: 10:00 a.m.<br>Judge Hon. Eumi K. Lee<br>Action filed: August 4, 2025 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ iii
INTRODUCTION ........ 1
I. LEGAL STANDARD ........ 1
II. ARGUMENT ........ 2
III. DEFENDANT PRESENTS PREMATURE CLASS CERTIFICATION ARGUMENTS. 3
A. Issues of Consent Do Not Support Striking the Proposed Class ........ 4
B. The Class Definition is Not Facially Overbroad ........ 6
C. Plaintiff Alleges the Content of Communications Under the CIPA ........ 8
D. An Undefined Class Period Does Not Warrant Striking the Proposed Class ........ 9
CONCLUSION ........ 10

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Booth v. Appstack, Inc.*,
No. C13-1533JLR, 2015 WL 1466247 (W.D. Wash. Mar. 30, 2015) ... 5

*Briseno v. ConAgra Foods, Inc.*,
844 F.3d 1121 (9th Cir. 2017) ... 5

*Brown v. Hain Celestial Grp., Inc.*,
No. C 11-03082-LB, 2014 WL 6483216 (N.D. Cal. Nov. 18, 2014) ... 10

*Bui-Ford v. Tesla, Inc.*,
No. 4:23-CV-02321-JST, 2024 WL 694485 (N.D. Cal. Feb. 20, 2024) ... 3

*Cholakyan v. Mercedes-Benz USA, LLC*,
796 F. Supp. 2d 1220 (C.D. Cal. 2011) ... 4

*Clancy v. The Bromley Tea Co.*,
308 F.R.D. 564 (N.D. Cal. 2013) ... 1

*Dake v. Receivables Performance Mgt., LLC*,
No. EDCV1201680VAPSPX, 2013 WL 11332863 (C.D. Cal. Apr. 16, 2013) ... 5

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ... 1

*Dodson v. Tempur-Sealy Int'l, Inc.*,
No. 2014 WL 1493676 (N.D. Cal. Apr. 16, 2014) ... 3

*Erceg v. LendingClub Corp.*,
475 F. Supp. 3d 1071 (N.D. Cal. 2020) ... 6

*F.G. v. CooperSurgical, Inc.*,
No. 24-CV-01261-JST, 2024 WL 4982991 (N.D. Cal. Dec. 4, 2024) ... 3

*Frasco v. Flo Health, Inc.*,
No. 21-CV-00757-JD, 2024 WL 4280933 (N.D. Cal. Sept. 23, 2024) ... 5

*Freeman v. ABC Legal Servs., Inc.*,
877 F. Supp. 2d 919 (N.D. Cal. 2012) ... 2

*Gamez v. Toyota Motor Sales, U.S.A., Inc.*,
No. 2:23-CV-01464-DAD-KJN, 2024 WL 1971880 (E.D. Cal. May 3, 2024) ... 8, 10

*G & G Closed Circuit Events, LLC v. Martinez*,
2020 WL 5898797 (C.D. Cal. July 30, 2020) ... 2

*Gabrielli v. Motorola Mobility LLC*,
No. 24-CV-09533-JST, 2025 WL 1939957 (N.D. Cal. July 14, 2025) .................................... 1

*Gatling-Lee v. Del Monte Foods, Inc.*,
No. 22-CV-00892-JST, 2023 WL 11113888 (N.D. Cal. Mar. 28, 2023) ................................. 4

*Heerde v. Learfield Commc'ns, LLC*,
741 F. Supp. 3d 849 (C.D. Cal. 2024) ........................................................................................ 8

*Holman v. Experian Info. Sols., Inc.*,
2012 WL 1496203 (N.D. Cal. Apr. 27, 2012) ........................................................................ 10

*Holmes v. Elec. Document Processing, Inc.*,
966 F. Supp. 2d 925 (N.D. Cal. 2013) ........................................................................................ 2

*In re Apple, AT&T iPad Unlimited Data Plan Litig.*,
No. C-10-02553 RMW, 2012U.S. Dist. LEXIS 88413 (N.D. Cal. June 26, 2012) .................... 7

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ..................................................................................................... 8

*In re Hulu Privacy Litig.*,
No. C 11-03764-LB, 2014 WL 2758598 (N.D. Cal. June 17, 2014) ....................................... 10

*In re iPad Unlimited Data Plan Litig.*,
2012 WL 2428248 (N.D. Cal. June 26, 2012) ........................................................................... 2

*In re Natera Prenatal Testing Litig.*,
664 F. Supp. 3d 995 (N.D. Cal. 2023) ........................................................................................ 1

*In re NJOY, Inc. Consumer Class Action Litig.*,
120 F. Supp. 3d 1050 (C.D. Cal. 2015) ...................................................................................... 6

*In re Wal–Mart Stores, Inc. Wage and Hour Litig.*,
505 F. Supp. 2d 609 (N.D. Cal. 2007) ........................................................................................ 3

*Kamar v. RadioShack Corp.*,
375 F. App'x 734 (9th Cir. 2010) ............................................................................................... 6

*Lyons v. Bank of Am., NA*,
Case No. 11–1232 CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) .................................. 10

*Lyons v. Coxcom, Inc.*,
718 F. Supp. 2d 1232 (S.D. Cal. 2009) ................................................................................. 5, 9

*Meyer v. Nat'l Tenant Network, Inc.*,
10 F. Supp. 3d 1096 (N.D. Cal. 2014) ........ 3

*Miholich v. Senior Life Ins. Co.*,
2022 WL 1505865 (S.D. Cal. May 12, 2022) ........ 10

*Moghadam v. Alleviate Tax, LLC*,
No. 8:241810-MWC (DFMx), 2025 U.S. Dist. LEXIS 33878 (C.D. Cal. Feb. 24, 2025) ........ 6

*Molina v. Roskam Baking Co.*,
2011 WL 5979087 (W.D. Mich. Nov. 29, 2011) ........ 10

*Montemayor v. GC Servs. LP*,
302 F.R.D. 581 (S.D. Cal. 2014) ........ 6

*Moreno v. Baca*,
No. CV007149ABC (CWx), 2000 WL 33356835 (C.D. Cal. 2000) ........ 3

*Myers v. MedQuist, Inc.*,
No. 05–4608, 2006 WL 3751210 (D.N.J. 2006) ........ 3

*Naiman v. Alle Processing Corp.*,
706 F. Supp. 3d 892, (D. Ariz. 2020) ........ 6

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) ........ 6

*Otto v. Abbott Lab'ys, Inc.*,
2015 WL 12776591 (C.D. Cal. Jan. 28, 2015) ........ 6

*Parducci v. Overland Sols., Inc.*,
399 F. Supp. 3d 969 (N.D. Cal. 2019) ........ 2

*Prado-Steiman ex rel. Prado v. Bush*,
221 F.3d 1266 (11th Cir. 2000) ........ 8

*Ramirez v. Baxter Credit Union*,
2017 WL 1064991 (N.D. Cal. Mar. 21, 2017) ........ 9

*Romero v. Securus Techs., Inc.*,
216 F. Supp. 3d 1078 (S.D. Cal. 2016) ........ 6

*Selby v. Sovrn Holdings, Inc.*,
No. 25-CV-03139-RFL, 2025 WL 2950164 (N.D. Cal. Oct. 17, 2025) ........ 8

*Shabaz v. Polo Ralph Lauren Corp.*,
586 F. Supp. 2d 1205 (C.D. Cal. 2008) ........ 9

*Smith v. Rack Room Shoes, Inc.*,
No. 24-cv-06709-RFL, 2025 WL 1085169 (N.D. Cal. Apr. 4, 2025) ........ 8

*St. Aubin v. Carbon Health Techs., Inc.*,
No. 4:24-cv-00667-JST, 2024 WL 4369675 (N.D. Cal. Oct. 1, 2024)........ 8

*Stiner v. Brookdale Senior Living, Inc.*,
665 F. Supp. 3d 1150 (N.D. Cal. 2023) ........ 7

*Tabak v. Apple Inc.*,
No. 19-cv-02455, 2020 U.S. Dist. LEXIS 259745 (N.D. Cal. Nov. 25, 2020) ........ 1

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010) ........ 4

*Tobajian v. Allstate Corp.*,
No. CV 23-753-DMG (PDX), 2023 WL 12051746 (C.D. Cal. Aug. 31, 2023)........ 5, 6

*Torres v. Prudential Fin., Inc.*,
No. 22-CV-7465-CRB, 2024 WL 4894289 (N.D. Cal. Nov. 26, 2024) ........ 5, 7

*Webb v. Circle K Stores Inc.*,
No. 22-cv-00716-ROS, 2022 WL 16649821 (D. Ariz. Nov. 3, 2022) ........ 10

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010) ........ 5

*Williams v. Affinity Ins. Servs., Inc.*,
No. 23-CV-06347-JST, 2024 WL 3153214 (N.D. Cal. June 24, 2024) ........ 2

*Williams v. Savage Services Corp.*,
No. CV196497DSFAGRX, 2020 WL 13328479 (C.D. Cal. May 28, 2020) ........ 9

*Wisdom v. Easton Diamond Sports, LLC*,
824 F. App'x 537 (9th Cir. 2020)........ 4

*Yastrab v. Apple Inc.*,
No. 5:14-cv-01974-EJD, 2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ........ 3

**Rules**

Fed. R. Civ. P. 23(c)(1)........ 8

Fed. R. Civ. P. 23(c)(1)(C) ........ 8

**Other Authorities**

7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure Civil* § 1785.3 (3d. 2005) ....................................................... 3

Plaintiff Qui Nguyen hereby responds in opposition to Defendant Klaviyo Inc.'s ("Defendant") Motion to Strike Class Allegations ("Motion to Strike" or "Mot.") (ECF No. 19).

**INTRODUCTION**

If Defendant's goal was to "avoid the expenditure of time and money that must arise from litigating spurious issues[,]" it should not have filed its Rule 12(f) motion. Seeking to deprive this Court of a complete record before ruling under Rule 23, Defendant asks for the extraordinary relief of striking Plaintiff's class allegations now.

Defendant's Motion to Strike is procedurally premature and inappropriately asks this Court to import Rule 23 class certification requirements into the *pleadings*. These are premature arguments that should not be addressed at the pleading stage. Other cases in this District have repeatedly denied similar motions on the same basis in other CIPA cases. *See, e.g.*, *Gabrielli v. Motorola Mobility LLC*, No. 24-CV-09533-JST, 2025 WL 1939957, at *16 (N.D. Cal. July 14, 2025) (denying motion to strike class allegations in a CIPA action as premature at the pleading stage); *see also, e.g.*, *In re Natera Prenatal Testing Litig.*, 664 F. Supp. 3d 995, 1013 (N.D. Cal. 2023) (denying motion to strike class allegations at the pleading stage as premature); *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 572 (N.D. Cal. 2013) (same); *Tabak v. Apple Inc.*, No. 19-cv-02455, 2020 U.S. Dist. LEXIS 259745, at *24 (N.D. Cal. Nov. 25, 2020) (similar). This is not one of those "exceptional cases" warranting striking class allegations before discovery; such issues should be addressed at class certification. *Id*. (collecting cases).

Here, Defendant's arguments do not raise any "spurious issues" properly addressed by Rule 12(f). Instead, Defendant impermissibly imposes Rule 23 standards in its Rule 12(f) motion and raises issues with Plaintiff's class allegations that are either factual and will be further elucidated through the course of discovery or are simply wrong on the law. Defendant's motion must be denied in full.

## I. LEGAL STANDARD

"Rule 12(f) motions to strike are not the proper vehicle for seeking dismissal of class allegations." *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 732 (N.D. Cal. 2024). The

ultimate decision under Rule 12(f) lies within the discretion of the court. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). "[A] motion to strike class claims based only on the pleadings is proper ***only if*** the court is 'convinced that any questions of law are clear and not in dispute, and that under ***no*** set of circumstances could the claim or defense succeed.'" *Parducci v. Overland Sols., Inc.*, 399 F. Supp. 3d 969, 976 (N.D. Cal. 2019) (quoting *In re iPad Unlimited Data Plan Litig.*, 2012 WL 2428248, at *2 (N.D. Cal. June 26, 2012)) (emphasis added).

Generally, motions to strike are disfavored because "such motions are usually used as a delaying tactic." *Carranza v. Terminix Int'l Co. Ltd. P'ship*, 529 F. Supp. 3d 1139, 1142 (S.D. Cal. 2021) (citation omitted). "Thus, courts will generally grant a motion to strike only when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Williams v. Affinity Ins. Servs., Inc.*, No. 23-CV-06347-JST, 2024 WL 3153214, at *8 (N.D. Cal. June 24, 2024); *G & G Closed Circuit Events, LLC v. Martinez*, 2020 WL 5898797 at *1 (C.D. Cal. July 30, 2020) ("Because striking a portion of a pleading is a drastic remedy," motions to strike are rarely granted by courts.). But if "there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Holmes v. Elec. Document Processing, Inc.,* 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (citation omitted). When considering a motion to strike, a court views the pleading in the light more favorable to the nonmoving party. *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012).

## II. ARGUMENT

Defendant's Motion should be denied for three primary reasons. First, Defendant's Motion is premature at the pleading stage without the benefit of discovery and is more appropriately addressed at class certification. Second, any alleged individualized issues about consent or the presence of uninjured class members are no barrier to certification, let alone sufficient to warrant the drastic remedy of striking the class allegations at this stage, particularly where factual issues are at dispute. Third, the class as defined is not facially overbroad, but even if it were, it can be modified at a later stage of the litigation after a more developed factual record.

## III. DEFENDANT PRESENTS PREMATURE CLASS CERTIFICATION ARGUMENTS.

Plaintiff does not need to certify his class before he even serves discovery. An overwhelming majority of courts in this Circuit, have repeatedly declined to strike class allegations on the pleadings. *See Motorola Mobility LLC*, 2025 WL 1939957, at *16 (collecting cases). "A decision to grant a motion to strike class allegations . . . is the functional equivalent of denying a motion to certify a case as a class action." *Bates v. Bankers Life & Casualty Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017). "Courts in this district rarely grant motions to strike class allegations at the pleading stage on the ground that the claims at issue are not subject to certification under Rule 23." *Bui-Ford v. Tesla, Inc.*, No. 4:23-CV-02321-JST, 2024 WL 694485, at *8 (N.D. Cal. Feb. 20, 2024); *see also Yastrab v. Apple Inc.*, No. 5:14-cv-01974-EJD, 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015) ("[I]n general, class allegations are not tested at the pleading stage and are instead scrutinized after a party has filed a motion for class certification."); *F.G. v. CooperSurgical, Inc.*, No. 24-CV-01261-JST, 2024 WL 4982991, at *9 (N.D. Cal. Dec. 4, 2024); *Williams*, 2024 WL 3153214, at *8; *Dodson v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2014 WL 1493676, at *11 (N.D. Cal. Apr. 16, 2014) (declining to consider the adequacy of class allegations on a motion to strike); *Meyer v. Nat'l Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014) (same); *See also, e.g., Moreno v. Baca*, No. CV007149ABC (CWx), 2000 WL 33356835, *2 (C.D. Cal. 2000) (holding that defendants' motion to strike class allegations was premature because no motion for class certification had been filed); *see also* 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1785.3 (3d. 2005) (noting that the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery).

This is because such allegations are traditionally bolstered or shaped by the discovery process and treating them prematurely would deprive the parties and the court of such wisdom. *See In re Wal–Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 614–16 (N.D. Cal. 2007) ("[D]ismissal of class allegations at the pleading stage should be done rarely . . . the better

course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery.") (quoting *Myers v. MedQuist, Inc.*, No. 05–4608, 2006 WL 3751210, *4 (D.N.J. 2006)) (additional punctuation and citation omitted); *see also Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (stating "it is in fact rare to [strike class allegations] in advance of a motion for class certification," and holding "it is premature to determine if this matter should proceed as a class action" because discovery has not begun). Therefore, striking class allegations is only appropriate "when no class action can *possibly* be maintained on the face of the pleading." *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (emphasis added).

But that is *precisely* what Defendant ask this Court to do. Defendant fails to offer sufficient justification as to why this Court should "strike the class allegations here where discovery has not yet commenced and the issues raised by [Defendant] are ones to be addressed at the class certification, not the motion to dismiss, stage." *Gatling-Lee v. Del Monte Foods, Inc.*, No. 22-CV-00892-JST, 2023 WL 11113888, at *14 (N.D. Cal. Mar. 28, 2023), *reconsideration denied sub nom. Nacarino v. Del Monte Foods, Inc.*, No. 22-CV-00892-JST, 2024 WL 847925 (N.D. Cal. Feb. 28, 2024). Instead, Defendant summarily concludes Plaintiff's class allegations are "facially invalid" and should be stricken. In so doing, Defendant attempts to disguise premature class certification arguments at the pleadings – an approach courts in this Circuit have consistently rejected. *Cf. Wisdom v. Easton Diamond Sports, LLC*, 824 F. App'x 537, 538 (9th Cir. 2020) ("The district court struck Wisdom's class allegations on the pleadings, on the grounds that common questions did not exist, or did not predominate over questions affecting individual class members. This determination was premature, and thus an abuse of discretion.").

As such, while Plaintiff addresses theRule 23 issues raised by Defendant, Plaintiff respectfully suggests such analysis is unnecessary because all Plaintiff needs to show is that the pleadings facially demonstrate that class certification is at least theoretically possible.

**A. Issues of Consent Do Not Support Striking the Proposed Class**

The gravamen of Defendant's argument is that determining the existence of consent to or authorized use of its software requires individualized inquiries that would predominate and preclude class treatment. Mot. at 4-7. First, Defendant's argument largely attacks the "ascertainability" of the proposed class, even though the Ninth Circuit does not recognize such a requirement under Rule 23. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017) ("Rule 23 does not impose a freestanding administrative feasibility prerequisite to class certification."); *see also Tobajian v. Allstate Corp.*, No. CV 23-753-DMG (PDX), 2023 WL 12051746, at *2 (C.D. Cal. Aug. 31, 2023) (denying motion to strike CIPA class allegations and rejecting defendant's argument that individualized issues of consent and ascertainability defeated class treatment).

Moreover, Defendant's argument ignores Plaintiff's allegations that the Klaviyo software intercepted Plaintiff's and class members' information without their consent. Compl. ¶¶ 20, 33-39. As such, this creates a substantial and disputed factual and legal issue that should not be decided on a motion to strike. *See Whittlestone*, 618 F.3d at 973 (noting courts should not resolve disputed and substantial factual and legal issues in deciding a motion to strike); *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1236 (S.D. Cal. 2009) ("The Court concludes that it cannot determine from the face of the pleadings that a class is not certifiable as a matter of law, as there are factual and legal issues yet to be determined. The issues raised by Defendant are better suited for a determination at the class certification stage.").

Further, Defendant's motion to strike is based on speculation that class members *may* have given their consent, and thus, fails to carry its heavy burden to show this is a rare case warranting striking class allegations. *Dake v. Receivables Performance Mgt., LLC*, No. EDCV1201680VAPSPX, 2013 WL 11332863, at *5 (C.D. Cal. Apr. 16, 2013) (refusing to grant motion to strike based on speculation as defendant's argument that individual questions predominate); *see also Booth v. Appstack, Inc.*, No. C13-1533JLR, 2015 WL 1466247, at *12 (W.D. Wash. Mar. 30, 2015) ("Although Defendants are in the best position to come forward with

evidence of consent, they have not done so. On the current record, the court cannot agree that individualized inquiries into members' consent will predominate at trial.").

In any event, how a reasonable user would understand any website policy is a common question that can be resolved with class-wide proof. *Torres v. Prudential Fin., Inc.*, No. 22-CV-7465-CRB, 2024 WL 4894289, at *7 (N.D. Cal. Nov. 26, 2024) (finding, at class certification, the issue of consent based on website policy does not defeat predominance); *see also Frasco v. Flo Health, Inc.*, No. 21-CV-00757-JD, 2024 WL 4280933, *2 (N.D. Cal. Sept. 23, 2024) (jury can resolve factual disputes as to "scope of plaintiffs' consent to sharing data"). Defendant's speculation and assumptions about material variations have no support.

Whether viewed through the lens of Rule 12(f) or Rule 23, any issues of consent are not a basis to strike the class allegations. The cases Defendant cites are inapposite. In *Otto v. Abbott Lab'ys, Inc.*, 2015 WL 12776591 (C.D. Cal. Jan. 28, 2015) certification turned on individualized reliance –whether each consumer relied upon an alleged omission – under the UCL and FAL. *Id.* at *3. By contrast, CIPA requires no such reliance. The core issue here is Defendant's uniform interception of users' communications, not each user's subjective experience. Variations in website disclosures or user interactions go, at most, to the scope of consent and can be addressed at class certification, not at the pleadings. Moreover, *Otto* followed discovery, a "procedural distinction [that] undercuts the usefulness" of *Otto* at this stage. *Tobajian*, 2023 WL 12051746, at *3. Likewise, *Naiman v. Alle Processing Corp.*, 706 F. Supp. 3d 892, (D. Ariz. 2020) turned on reliance, requiring individualized inquiries into whether consumes read or inspected packaging—again irrelevant under CIPA. Defendant thus fails to show this is one of the "rare" cases warranting striking class allegations pre-certification. *See, e.g., Erceg v. LendingClub Corp.*, 475 F. Supp. 3d 1071, 1079 (N.D. Cal. 2020); *Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1095 (S.D. Cal. 2016); *Montemayor v. GC Servs. LP*, 302 F.R.D. 581, 588 (S.D. Cal. 2014).

**B. The Class Definition is Not Facially Overbroad**

Next, Defendant takes issue with the fact that the class could potentially include individuals who have no "injury" or could not assert a claim, but to define the class as requiring an injury and

valid claim would create an impermissible "fail-safe" class. *Moghadam v. Alleviate Tax, LLC*, No. 8:241810-MWC (DFMx), 2025 U.S. Dist. LEXIS 33878, at *9 (C.D. Cal. Feb. 24, 2025) (defining a fail-safe class as "when the class itself is defined in a way that precludes membership unless the liability of the defendant is established") (quoting *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010)). In any event, "[t]he inclusion of uninjured class members does not necessarily render a class unascertainable." *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1094 (C.D. Cal. 2015); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 699 (9th Cir. 2022) ("[W]e reject the dissent's argument that Rule 23 does not permit the certification of a class that potentially includes more than a de minimis number of uninjured class members."); *Stiner v. Brookdale Senior Living, Inc.*, 665 F. Supp. 3d 1150, 1199 (N.D. Cal. 2023) (noting that even if there are "many or numerous uninjured members in the putative class, . . . in this Circuit there is no per se rule preventing . . . certif[ication] of a class that may include more than a de minimis number of uninjured class members.") (internal punctuation and citation omitted).

Moreover, Defendant's contention that Plaintiff's class definition "inherently includes uninjured individuals" ignores the Complaint's allegations. Mot. at 6. Indeed, Plaintiff alleges that Defendant's software intercepts and records user Consumer Web Activity[1] when consumers visit a website using its software—conduct that, if proven, is readily identifiable through Defendant's own data. *Torres v. Prudential Fin., Inc.*, No. 22-CV-7465-CRB, 2024 WL 4894289, at *8–9 (N.D. Cal. Nov. 26, 2024) (certifying class over objections that the class contained uninjured members where plaintiffs demonstrated the defendant's records could identify class members). Yet again, Defendant is merely repackaging an improper ascertainability challenge, which as discussed above, is not a standalone requirement under Rule 23, and courts reject attempts to strike class allegations on that basis.

[1] As alleged in the complaint, "Consumer Web Activity" includes the names of products Plaintiff and the Class viewed and/or purchased, the URLs associated with the product which describe the product by name, and search terms the consumer made. As such Consumer Web Activity is "content" under CIPA. Compl. at ¶. 52.

Defendant has failed to show it will be impossible for Plaintiff to meet his class certification burden and show Defendant did not collect information that would be considered actionable under the CIPA, as Plaintiff has defined it. Whether Defendant successfully captures information from consumers is a merits question, not a pleading deficiency, thus, raising a factual dispute that is not appropriate to decide at this stage. *See In re Apple, AT&T iPad Unlimited Data Plan Litig.*, No. C-10-02553 RMW, 2012 U.S. Dist. LEXIS 88413, at *7 (N.D. Cal. June 26, 2012) (only if the court is "convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed" may the allegations be stricken.).

Even if the class definition could be construed as impermissibly overbroad—which Plaintiff disputes—the proper remedy is not striking Plaintiff's allegations but rather allowing amendment to the class definition. *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *Gamez v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:23-CV-01464-DAD-KJN, 2024 WL 1971880, at *6 (E.D. Cal. May 3, 2024) (denying motion to strike class allegations and noting that a defective class definition can be modified at a later stage in the proceedings); *see also Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000) ("Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders at any time prior to a decision on the merits.").

**C. Plaintiff Alleges the Content of Communications Under CIPA**

Rehashing its arguments for dismissal, Defendant also argues that the proposed class is overbroad because it includes individuals who only had *de minimis* or "record information" intercepted. Mot. at 6-7. But as explained in Plaintiff's opposition to Defendant's motion to dismiss, "descriptive URLs that reveal specific information about a user's queries" may reflect the "contents" of communications under CIPA. *St. Aubin v. Carbon Health Techs., Inc.*, No. 4:24-cv-00667-JST, 2024 WL 4369675, at *4 (N.D. Cal. Oct. 1, 2024); *Heerde v. Learfield Commc'ns, LLC*, 741 F. Supp. 3d 849, 859 (C.D. Cal. 2024) ("[s]earch terms constitute 'contents' of a communication.").

Here, Plaintiff alleges that, among other things, Defendant collects "the names of products Plaintiff and the Class viewed and/or purchased, the URLs associated with the product which describe the product by name, and search terms the consumer made." Compl. ¶ 52. This information constitutes content of communications under the CIPA. *Selby v. Sovrn Holdings, Inc.*, No. 25-CV-03139-RFL, 2025 WL 2950164, at *3 (N.D. Cal. Oct. 17, 2025) (URLs reflecting website visited, search queries, and specific items plaintiff viewed sufficient to allege content of communications under CIPA); *see also Smith v. Rack Room Shoes, Inc.*, No. 24-cv-06709-RFL, 2025 WL 1085169, at *4 (N.D. Cal. Apr. 4, 2025); *see also In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 605 (9th Cir. 2020) (explaining that full-string URLs can include "search terms inputted" and can "divulge a user's personal interests [and] queries"). These allegations are not facially deficient to establish predominance such that this Court should strike them. Defendant fails to overcome its burden that this is the rare and drastic remedy of striking class allegations is appropriate. *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1236 (S.D. Cal. 2009) ("The Court concludes that it cannot determine from the face of the pleadings that a class is not certifiable as a matter of law, as there are factual and legal issues yet to be determined. The issues raised by Defendant are better suited for a determination at the class certification stage.").

**D. An Undefined Class Period Does Not Warrant Striking the Proposed Class**

Lastly, Defendant asserts that the entire class should be struck because the definition fails to include the relevant "class period." Mot. at 7-8. But to the extent Plaintiff's class definition is overbroad for exceeding the statute of limitations, it can be addressed at class certification and does not warrant striking the *entirety* of the proposed class at this stage. *Williams v. Savage Services Corp.*, No. CV196497DSFAGRX, 2020 WL 13328479, at *3–4 (C.D. Cal. May 28, 2020) (refusing to strike a proposed class where the class period was undefined). Here, the class period is undefined, but it does not conflict with the CIPA's statute of limitations and thus, is not impermissibly broad.

None of the cases cited by Defendant supports striking the class allegations—in its entirety—at this stage. For example, in *Ramirez v. Baxter Credit Union*, No. 16-CV-03765-SI,

2017 WL 1064991, (N.D. Cal. Mar. 21, 2017), the defendant moved to strike the plaintiff's proposed six-year class period based on the EFTA's one-year statute of limitations. *Id*. at *7. The court did not strike the class allegations altogether; rather, it merely limited the class period to the extent it exceeded more than one year prior to filing. *Id*. at *8. Similarly, in *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008), the court declined to strike the class allegations in full and instead merely limited the class period to the extent it exceeded the limitation period. Far from supporting Defendant's position, the court's ruling in *Ramirez* and *Shabaz* demonstrate that such issues are appropriately addressed by tailoring the class period—not by eliminating the class allegations altogether. The rest of the cases Defendant relies on are in the opposite because they were resolved at the class certification stage, not on a motion to strike. *See Holman v. Experian Info. Sols., Inc.*, 2012 WL 1496203, (N.D. Cal. Apr. 27, 2012) and *Molina v. Roskam Baking Co.*, 2011 WL 5979087, (W.D. Mich. Nov. 29, 2011).

Again, as stated above, the proper stage for fine-tuning the class definition is certification, not pleading. *Gamez*, 2024 WL 1971880, at *6 (citing *Webb v. Circle K Stores Inc.*, No. 22-cv-00716-ROS, 2022 WL 16649821, at *3 (D. Ariz. Nov. 3, 2022) ("Circle K does not explain why this possibility that, at certification, a slightly more definite class definition will be needed establishes all class allegations should be stricken at the pleading stage.")). Courts in this district "regularly allow class definitions to be adjusted over the course of a lawsuit." *See e.g., Brown v. Hain Celestial Grp., Inc.*, No. C 11-03082-LB, 2014 WL 6483216, at *6 (N.D. Cal. Nov. 18, 2014) (collecting cases). And even "definitional flaws can and often should be resolved by refining the class definition rather than by flatly denying class certification on that basis." *See In re Hulu Privacy Litig.*, No. C 11-03764-LB, 2014 WL 2758598, at *14 (N.D. Cal. June 17, 2014) (citations omitted). Defendant provides no reason for this Court to find this case the exception, rather than the rule.

**CONCLUSION**

"Motions to strike are generally disfavored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."

*Miholich v. Senior Life Ins. Co.*, 2022 WL 1505865, at *5 (S.D. Cal. May 12, 2022). Defendant has failed to meet this burden—because it cannot. Plaintiff's allegations have established that classwide resolution in this case is appropriate and likely.

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion to Strike be denied. If the Court does not deny Defendant's Motion to Strike, Plaintiff respectfully requests that the Court either modify the class definition or allow him the opportunity to amend his Complaint as appropriate. *See, e.g., Lyons v. Bank of Am., NA*, Case No. 11–1232 CW, 2011 WL 6303390, at *6–7 (N.D. Cal. Dec. 16, 2011).

Dated: November 4, 2025

Respectfully submitted,

By: /s/ *William J. Edelman*

William J. Edelman (SBN: 285177)
**MILBERG, PLLC**
227 West Monroe Street, Suite 2100
Chicago IL 60606
Telephone: (771) 474-1121
Email: wedelman@milberg.com

Heather M. Lopez (SBN: 354022)
**MILBERG, PLLC**
280 S. Beverly Drive-Penthouse,
Beverly Hills, CA 90212
Telephone: (331) 240-3015
Email: hlopez@milberg.com

Scott Edelsberg, (CA Bar # 330090)
**EDELSBERG LAW, P.A.**
Scott@edelsberglaw.com
1925 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (305) 975-3320

*Attorney for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of November 2025, I caused a copy of the foregoing to be filed with the Clerk of Court via the Court's electronic filing system, which will send notice of electronic filing to all counsel of record.

/s/ *William J. Edelman*
William J. Edelman