Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Vicki Chou, State Bar No. 248598
vchou@hueston.com
Deeksha Kohli, State Bar No. 333887
dkohli@hueston.com
Chandler Matz, State Bar No. 341562
cmatz@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

Attorneys for Defendant
KLAVIYO, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUI NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KLAVIYO, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:25-cv-06551-EKL<br><br>**DEFENDANT KLAVIYO, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE**<br><br>Date: January 14, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Eumi K. Lee<br>Courtroom: Courtroom 7<br>San Jose Courthouse<br>280 South First Street, 4th Floor<br>San Jose, CA 95113<br><br>Complaint Filed: August 4, 2025<br>Trial Date: None Set |

**I. INTRODUCTION**

Contrary to what Plaintiff's Opposition to Klaviyo's Motion to Strike ("MTS Opp.") suggests, courts routinely strike class allegations from pleadings where "the issues are plain enough from the pleadings to determine that a case should not proceed as a class action." *Moon v. Cnty. Of Orange*, 2020 WL 2332164, at *3, *8 (C.D. Cal. Mar. 18, 2020) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) (internal quotations omitted). As detailed in Klaviyo's Motion to Dismiss, Plaintiff's complaint should be dismissed (*see* Dkt. 018, 030) and this motion should be moot. But even if the Court denies the Motion to Dismiss, Plaintiff's class allegations should be struck because the class definition is so facially overbroad that it could not possibly be certified.

Plaintiff's putative class of "[a]ll California residents who visited a website with Klaviyo's software embedded," on its face sweeps in users of hundreds of thousands of websites, innumerable categories of users, individuals who consented to the use of Klaviyo's software, individuals about whom only non-actionable information was collected, and individuals about whom no information was collected at all. Rule 12(f) exists precisely to do away with allegations like these, and "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *2 (N.D. Cal. Dec. 17, 2009) (internal quotations and citations omitted) (striking class allegations from the complaint where the class definition included uninjured individuals); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking class allegations at the pleading stage finding individual inquiries would predominate); *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1146 (N.D. Cal. 2014) (same).

To try to rescue the deficient complaint, Plaintiff strings together cites to try to convince the Court that the weight of authority is against granting motions to strike. However, Plaintiff's cases are inapplicable and, in many instances, misleadingly cited. For example, Plaintiff relies on cases denying motions to strike as moot because motions to dismiss had been granted. *See, e.g.,* MTS Opp. at 2 (citing *Parducci v. Overland Sols., Inc.*, 399 F. Supp. 3d 969, 986 (N.D. Cal. 2019) (denying motion to strike without prejudice as "moot given the dismissal of the complaint")); *id*. at 5, 9 (citing *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1236 (S.D. Cal. 2009) (denying motion to strike where motion to dismiss leave to amend was granted)). Plaintiff even relies on cases where the court didn't

rule on a motion to strike at all. *See, e.g., id*. at 2 (citing *Freeman v. ABC Legal Servs., Inc*., 877 F. Supp. 2d 919, 929 (N.D. Cal. 2012)); *id*. at 3 (citing *Bates v. Bankers Life & Cas. Co*., 848 F.3d 1236, 1238 (9th Cir. 2017) (holding the court of appeals "lack[ed] jurisdiction to hear Plaintiffs' challenge to the order striking their class allegations")). And the cases that Plaintiff does cite where the court denied a motion to strike were assessing classes that did not contain the many flaws present in Plaintiff's purported class allegations. *See, e.g., id*. at 5 (citing *Dake v. Receivables Performance Mgmt., LLC*, 2013 WL 11332863, at *1 (C.D. Cal. Apr. 16, 2013) (declining to strike a class of "[a]ll persons in California whose inbound and outbound cellular telephone conversations were monitored, recorded, and/or eavesdropped upon without their consent by [Defendant] within one (1) year prior to the filing of the original Complaint in this action")).

Federal Rules of Civil Procedure 12 and 23 empower the Court to do away with Plaintiff's overbroad class allegations—purportedly covering all individuals who have ever visited any of the hundreds of thousands of websites allegedly using Klaviyo software, regardless of whether that individual consented to that use, regardless of whether Klaviyo's software collected any information about the individuals, and regardless of whether the individual suffered any harm whatsoever—on the pleadings, saving the parties and the Court needless expense, time, and discovery. For the reasons explained herein, the Court should exercise that power and grant Klaviyo's Motion to Strike.

## II. ARGUMENT

### A. Plaintiff's Facially Overbroad Class Should Be Struck from the Complaint

Plaintiff attempts to skirt past the well settled law in this circuit that motions to strike are appropriate where, like here, "the issues are plain enough from the pleadings to determine that a case should not proceed as a class action." *Moon*, 2020 WL 2332164 at *3, *8 (internal quotations and citations omitted, collecting cases) (striking class allegations at the pleading stage). The issues with Plaintiff's class definition are numerous and substantive, any one of which alone warrants striking Plaintiff's class claims.

*First*, Plaintiff's class definition includes members who consented to or authorized the use of Klaviyo's software. In *Sanders v. Apple Inc.,* the court granted a motion to strike a class of "[a]ll persons or entities located within the United States who own a 20-inch Aluminum iMac" for claims

of fraud and breach of warranty, finding the class to be facially overbroad. 672 F. Supp. 2d at 990–91. The court found that the "definition necessarily includes individuals who did not purchase their 20-inch Aluminum iMac, individuals who either did not see or were not deceived by advertisements, and individuals who suffered no damages." *Id.* at *991. The court further explained that "[i]f the proposed class were to be certified, the [c]ourt would be forced to engage in individual inquiries of each class member with respect to materiality of the statement, whether the member saw Apple's advertisements or visited Apple's website, and what caused the member to make the purchase." *Id.* As *Sanders* shows, class claims should be struck where the class includes uninjured class members, such as those who consented, and individualized inquiries would be required to assess who was injured. Determining which class members consented presents highly individualized inquiries into whether, and how, each class member consented to the alleged conduct across hundreds of thousands of websites, each of which has its own privacy policies, cookie notices and disclosures, and whether each of those websites utilized a third party storefront (such as Shopify) with its own policies, notices and disclosures. *See Ruegsegger v. Caliber Home Loans, Inc.*, 2019 WL 8163640, at *16 (C.D. Cal. Jan. 8, 2019) (striking class allegations without discovery, finding "individual issues would overwhelm issues common to a class"). This problem is further compounded by the fact that any of the websites, including the website that Plaintiff allegedly visited, could have changed its disclosures during the class period. *See, e.g.*, Declaration of Vicki Chou in Support of Klaviyo's Motion to Dismiss ("Chou Decl."), Exs. A-G (showing changes to Every Man Jack's website and notices).

Plaintiff cites *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) to argue that striking the class allegations would require the court to "resolve disputed and substantial factual and legal issues." MTS Opp. at 5.[1] That is not true. In *Whittlestone* the court reversed the trial court's granting of a motion to strike categories of damages where defendant argued that those damages

[1] Plaintiff also relies on several other inapplicable cases. *See Torres v. Prudential Fin., Inc.*, 2024 WL 4894289, at *8 (N.D. Cal. Nov. 26, 2024) (defendant did not raise an overbreadth challenge but court noted that predominance requires that the class definition is not "fatally overbroad" such that it includes uninjured class members); *F.G. v. CooperSurgical, Inc.*, 2024 WL 4982991, at *9 (N.D. Cal. Dec. 4, 2024) (denying motion to strike where "Plaintiffs have alleged a 'single defect and single course of conduct [that] is identical for each Plaintiff'").

were barred by a contract entered into between the parties. *Id.* at 973. Here, Klaviyo's Motion does not require the Court to interpret a contract to determine what categories of damages are available to Plaintiff or parse facts; the flaws in Plaintiff's class are apparent from the definition itself. Plaintiff does not dispute that each of his claims requires lack of consent. And the class definition—"All California residents who visited a website with Klaviyo's software embedded"—by its own terms includes individuals who consented. Courts in this district strike overbroad class allegations for this exact reason: "the [class] definition is overbroad as it includes within the class individuals who have not experienced any issue." *Rasmussen*, 27 F. Supp. 3d at 1046 (striking overbroad class allegations at the pleading stage).

*Second*, Plaintiff's class definition includes members about whom Klaviyo's software collected no information, or only non-actionable record information, sweeping in other categories of uninjured class members. On this point, *Moon* is instructive. There, the court struck class allegations because the definition "includes persons whose calls were never recorded or monitored, and who thus have no injury and no standing." *Moon*, 2020 WL 2332164 at *7. The court held that "no class may be certified if it includes members that lack standing" and struck the class allegations because "this defect is plain from the pleadings." *Id.* at *8. Plaintiff's proposed class contains the same fatal flaw: it encompasses individuals about whom no information was recorded. Determining whether a particular user's data was collected, and if so, whether that information is actionable under the CIPA would require individualized, context-specific inquiries across innumerable websites, again demonstrating why the class allegations should be stricken now. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) (explaining that "'record information regarding the characteristics of the message that is generated in the course of the communication' such as 'the name, address and subscriber number or identity of a subscriber or customer'" is not "content" for purposes of CIPA).

*Third*, Plaintiff's class definition exceeds the applicable statute of limitations. Plaintiff does not contend that his class definition includes a class period, nor that it complies with the applicable one-year statute of limitations. Instead, Plaintiff asks the court to ignore this defect for now and address it later. Plaintiff's argument fails. Exceeding the statute of limitations alone is sufficient to

warrant striking. *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008) (striking class allegations where the class definition exceeded the applicable statute of limitations). But the lack of a class period is an error that need not be analyzed in isolation; it compounds the other flaws discussed above, ensuring individualized inquiries would predominate over common ones. Plaintiff's request that discovery proceed on a class period covering all individuals who have ever visited hundreds of thousands of websites on which Klaviyo's customers installed its software defies the law and basic principles of fairness. Moreover, the only case Plaintiff cites where a court declined to strike a class with an undefined class period is inapposite. In *Williams v. Savage Servs. Corp.*, 2020 WL 13328479 (C.D. Cal. May 28, 2020) the court denied defendant's motion to strike where the lack of a class period was the only flaw in Plaintiff's class definition and "Plaintiff concede[d] that the class is limited to the [applicable] statutory period." *Id.* at *4. Neither condition is present here. The proposed class is defective in numerous independent ways beyond not abiding by the statute of limitations, and Plaintiff offers no concession to confine the class to the one-year limitations period. The Court should therefore strike the class allegations.

Proceeding to discovery on such an obviously overbroad class definition would be prejudicial to Klaviyo and an inefficient use of resources. Rule 12(f) exists to prevent exactly this kind of wasteful discovery where the proposed class is facially untenable, and Plaintiff's class allegations should be stricken. S*ee Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013) (granting motion to strike reasoning "plaintiff first argues that the Court should defer ruling on this issue until the class certification stage, but this argument fails to acknowledge that where the matter is sufficiently obvious from the pleadings, a court may strike class allegations." (citations omitted).)

**B. Plaintiff Relies on Inapposite Case Law**

As Plaintiff concedes, it is neither premature nor improper to strike class allegations at the pleading stage where the defects are apparent from the face of the complaint. *See* MTS Opp. at 2. Yet, Plaintiff urges delayed resolution of these issues based on out of context quotes suggesting that, in certain circumstances, discovery is needed before striking class allegations or denying class certification. *See* MTS Opp. at 3-4. But Plaintiff's cases are inapposite.

Plaintiff cites cases where a motion to strike was not filed (s*ee, e.g., Meyer v. Nat'l Tenant Network, Inc*., 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014); *Moreno v. Baca*, 2000 WL 33356835, at *2 (C.D. Cal. Oct. 13, 2000)), and cases where the court did not rule on the merits of a motion to strike (*see, e.g., Parducci*, 399 F. Supp. 3d at 986 (denying motion to strike without prejudice as "moot given the dismissal of the complaint"); *Freeman*, 877 F. Supp. 2d at 929 (no ruling on motion to strike); *Bates*, 848 F.3d at 1238 (holding the court of appeals "lack[ed] jurisdiction to hear Plaintiffs' challenge to the order striking their class allegations"); *Yastrab v. Apple Inc*., 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015) (denying motion to strike where "it is anticipated that Plaintiff will file an amended complaint")). Plaintiff also relies on cases where motions to strike were brought under different circumstances. *See, e.g., Williams v. Affinity Ins. Servs., Inc*., 2024 WL 3153214, at *8 (N.D. Cal. June 24, 2024) (rejecting defendants' argument that class allegations should be stricken because of contractual waiver after finding the contract did not apply to defendants); *Holmes v. Elec. Document Processing, Inc*., 966 F. Supp. 2d 925, 938 (N.D. Cal. 2013) (denying motion to strike "scandalous" and "derogatory" material about defendant from the complaint); *G & G Closed Cir. Events, LLC v. Martinez*, 2020 WL 5898797, at *1 (C.D. Cal. July 30, 2020) (denying plaintiff's motion to strike defendant's affirmative defenses); *Tabak v. Apple Inc.*, 2020 WL 12049056, at *9 (N.D. Cal. Nov. 25, 2020) (assessing question of "whether state-law limits on class actions apply in federal court").

The cases Plaintiff cites where courts have denied motions to strike class allegations dealt with class definitions much narrower than Plaintiff's proposed definition here. To take one example, Plaintiff relies on *Tobajian v. Allstate Corp.*, where the Court declined to strike class allegations from the complaint in a CIPA case. 2023 WL 12051746 (C.D. Cal. Aug. 31, 2023). But, unlike Plaintiff's class definition, the class in *Tobajian* had a class period, only included class members where information was recorded, only included class members who did not consent to the recording, and was narrowly tailored to a class member's interactions directly with the defendant (as opposed to through hundreds of thousands of third parties as Plaintiff alleges here). *Compare id*. at *1 with Compl. ¶ 40 ("[a]ll California residents who visited a website with Klaviyo's software embedded."). Similarly, in *Dake* the class definition had a class period, only included class members about whom

information was recorded, only included class members who did not consent, and was tailored to individuals who interacted directly with the Defendant. 2013 WL 11332863 at *10. Plaintiff's class definition is not tailored in even *one* of those ways. Thus, Plaintiff's reliance on these cases is misplaced.

**III. CONCLUSION**

This Court should strike Plaintiff's class allegations because it is plain from the face of the complaint that the class definition is fatally overbroad. Plaintiff's proposed class includes a vast number of uninjured individuals and time-barred allegations that would require overwhelmingly individualized inquiries. Allowing discovery to proceed on this class definition would be prejudicial and inconsistent with Rule 12(f). For the foregoing reasons, the Court should grant Klaviyo's Motion to Strike.

Dated: November 20, 2025

Respectfully submitted,

HUESTON HENNIGAN LLP

By: ______________________________

Moez M. Kaba
Vicki Chou
Deeksha Kohli
Chandler Matz
Attorneys for Defendant
KLAVIYO, Inc.