Moez M. Kaba, State Bar No. 257456
mkaba@hueston.com
Vicki Chou, State Bar No. 248598
vchou@hueston.com
Deeksha Kohli, State Bar No. 333887
dkohli@hueston.com
Chandler Matz, State Bar No. 341562
cmatz@hueston.com
HUESTON HENNIGAN LLP
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340
Facsimile: (888) 866-4825

Attorneys for Defendant
KLAVIYO, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| QUI NGUYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KLAVIYO, INC., a Delaware corporation,<br><br>Defendant. | Case No. 5:25-cv-06551-EKL<br><br>**DEFENDANT KLAVIYO, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Date: January 14, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Eumi K. Lee<br>Courtroom: Courtroom 7<br>San Jose Courthouse<br>280 South First Street, 4th Floor<br>San Jose, CA 95113<br><br>Complaint Filed: August 4, 2025<br>Trial Date: None Set |

## I. INTRODUCTION

As explained in Klaviyo's Request for Judicial Notice, the Court can take judicial notice of documents that are publicly accessible within the territorial jurisdiction of the trial court and whose accuracy and authenticity is not subject to dispute. Dkt. 20 ("RJN") at 3. Klaviyo's exhibits are captures or screenshots of publicly available websites, and Plaintiff or the Court can easily access and review those websites to confirm the accuracy and authenticity of the exhibits. Thus, the authenticity of Klaviyo's exhibits is capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned," and the exhibits are properly subject to judicial notice. Fed. R. Evid. 201(b); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019) (taking judicial notice of policies from publicly available websites, including versions captured in online archive).

Notably, Plaintiff does ***not*** dispute the authenticity of any of Klaviyo's exhibits. Instead, Plaintiff argues that Klaviyo is required to present *testimony* to authenticate its exhibits. That is not true. Courts routinely take judicial notice of exhibits identical to Klaviyo's—publicly available webpages archived by the Wayback Machine—finding authenticity cannot be reasonably questioned even without testimony. *See, e.g., Parziale v. HP, Inc*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (taking judicial notice of publicly available non-government webpage as archived by the Wayback Machine, finding the authenticity of the webpage was "not reasonably subject to dispute" and "inherently reliable").

## II. ARGUMENT

### A. Klaviyo's Exhibits Are Publicly Available and There Is No Dispute as to Their Accuracy or Authenticity

In its RJN, Klaviyo demonstrated that all its exhibits are publicly available websites and there is no reasonable dispute as to their accuracy or authenticity. RJN at 4-5. Courts in this district routinely find this showing is sufficient to establish that a document is properly subject to judicial notice. *See, e.g.*, *Google Location Hist. Litig.*, 428 F. Supp. 3d at 189 (citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010)) ("a court may take judicial notice [of] . . . publicly accessible websites whose accuracy and authenticity is not subject to dispute"); *Huynh v. Quora,*

*Inc.*, 508 F. Supp. 3d 633, 648 n.4 (N.D. Cal. 2020) (same); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019), *rev'd in part on other grounds*, 84 F.4th 844 (9th Cir. 2023) (same).

Plaintiff misrepresents Klaviyo's arguments, claiming that Klaviyo argued that the exhibits are judicially noticeable only because they are publicly available. Plaintiff's Opposition to Defendant's Request for Judicial Notice ("Opp.") at 2. This is incorrect. *See* RJN at 4 ("The Court should take judicial notice of Exhibits A through K to the Chou Declaration because they all depict publicly available websites ***and*** there is no reasonable dispute as to their accuracy or authenticity." (emphasis added)). Notably, Plaintiff does not dispute or question the accuracy of the exhibits. *See, generally,* Opp.

The cases Plaintiff cites are either inapposite or support Klaviyo's request. For example, in *Rollins v. Dignity Health* the court declined to take judicial notice of documents where defendant *only* argued that the documents were publicly available. 338 F. Supp. 3d 1025, 1033 (N.D. Cal. 2018). Notably, the *Rollins* court did take judicial notice of one document where the defendant established, as Klaviyo does here, that the document was both publicly available online and its "accuracy [could not] reasonably be questioned." *Id.* Exhibits A, B, D, E, and H show the contents of webpage archives available through the Wayback Machine, which "courts have taken" as a "source[] whose accuracy cannot reasonably be questioned[.]" *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 616 (C.D. Cal. 2017). Exhibits C, F, G, I, J, and K merely show the appearance of publicly available websites. Because both Plaintiff and the Court can easily access and review the websites reproduced in Exhibits C, F, G, I, J, and K to confirm the exhibits accurately reflect the appearance of the sites, the exhibits' accuracy cannot reasonably be questioned. *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1190 (S.D. Cal. 2024) (accuracy of screenshot showing appearance of website's homepage and initial cookie disclosure "cannot be reasonably questioned").

The two other cases Plaintiff cites similarly declined to take judicial notice because the defendant failed to establish both public availability and no dispute as to authenticity or accuracy. *St. Aubin v. Carbon Health Techs., Inc.*, 2024 WL 4369675, at *2 (N.D. Cal. Oct. 1, 2024) (rejecting argument that document was subject to judicial notice solely because it was from a "publicly

accessible website"); *Smith v. Rack Room Shoes, Inc.*, 2025 WL 1085169, at *1 (N.D. Cal. Apr. 4, 2025) (declining to take judicial notice of documents whose accuracy was "subject to reasonable dispute").

Plaintiff's assertion that courts only take judicial notice of publicly available government websites is similarly incorrect. Opp. at 2. As explained in Klaviyo's RJN, courts in this district routinely take judicial notice of publicly available, non-government websites. *See, e.g.*, *Mobile Emergency Hous. Corp. v. HP, Inc.*, 2021 WL 9867952, at *4 (N.D. Cal. Oct. 15, 2021) (defendants' publicly available website pages were properly subject to judicial notice because their "accuracy cannot reasonably be questioned."); *Parziale v. HP, Inc*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (taking judicial notice of publicly available non-government webpage as archived by the Wayback Machine, finding the authenticity of the webpage was "not reasonably subject to dispute" and "inherently reliable"); *Apollo Enter. Sols., Inc. v. Lantern Credit, LLC*, 2018 WL 437472, at *3 (C.D. Cal. Jan. 16, 2018) (taking judicial notice of publicly available non-government webpage, accepting defendant's argument that "because the website is publicly available, the website's authenticity is not in dispute."). And courts routinely take judicial notice of screenshots of websites and agreements hosted on those sites in CIPA cases. *See, e.g.*, *Google Location Hist. Litig.*, 428 F. Supp. 3d at 189 (on motion to dismiss CIPA claims, taking judicial notice of webpages, Privacy Policy, and Terms of Service); *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 941 (N.D. Cal. 2024) (taking judicial notice of "screenshot of [] cookie banner that appears on the bottom of Defendant's home page" and its "Terms and Conditions of Use" on motion to dismiss CIPA claims*);* *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (taking judicial notice of four versions of Privacy Policy on motion to dismiss); *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020) (taking judicial notice of Google's Terms of Service, Privacy Policy, and a Google blog post); *Smith v. Google, LLC*, 735 F. Supp. 3d 1188, 1196 (N.D. Cal. 2024) (taking judicial notice of privacy policies of third-party websites that used defendant's software tools). Klaviyo cited all these cases in its RJN, and Plaintiff failed to distinguish, or even mention, any of them.

### B. Klaviyo Does Not Use Its Exhibits For the Truth Asserted Therein or To Dispute Facts Alleged in the Complaint

Klaviyo uses the documents subject to its RJN for two purposes: (1) to show notice, and (2) to show the parties' rights and liabilities under the relevant Terms of Service and Privacy Policies. *See* Dkt. 18 at 11-12, 14-15 (exhibits show www.everymanjack.com provided reasonably conspicuous notice of agreements at issue); 13-16 (under agreements at issue, Klaviyo had right to collect data from Plaintiff). As other courts in this circuit have held, neither of these uses is to show the truth of the matter asserted. *See, e.g.*, *SPPI-Somersville, Inc. v. TRC Companies, Inc.*, 2009 WL 2390347, at *2 (N.D. Cal. Aug. 3, 2009) (documents offered "to show notice" were "not offered for the truth of the matter asserted"); *Kalasho v. BMW of N. Am., LLC*, 520 F. Supp. 3d 1288, 1293 (S.D. Cal. 2021) (contract was not offered for the truth of the matter asserted when it was offered to show "the rights and liabilities of the parties" under the contract).

Plaintiff claims that Klaviyo relies on its exhibits for the truth of their contents "that Plaintiff viewed, assented to, and was bound by Everyman Jack's and Shopify's online terms and privacy policies." Opp. at 4. But none of Klaviyo's exhibits asserts any of these facts. Indeed, Plaintiff's complaint itself alleges he visited, and thus viewed, www.everymanjack.com, Dkt. 1 ("Compl.") at ¶ 33. Exhibits A-D merely show the notice Plaintiff received when he visited the site. Similarly, Plaintiff alleges that he used www.everymanjack.com and made a purchase on the website. *Id.* at ¶¶ 33, 36. Exhibits E and C show the legal effect of Plaintiff's actions under the terms of the Every Man Jack and Shopify agreements.[1] Plaintiff's own Complaint establishes the relevant facts, the exhibits merely and properly reflect the legal effect of those facts.

---

[1] Plaintiff claims *Zaragoza v. Apple Inc.*, 2019 WL 1171161 (N.D. Cal. Mar. 13, 2019), held that when a party offers a contract as an exhibit, they offer it for the truth of the matter asserted. Opp. at 4. Not so. In *Zaragoza*, there was a dispute as to what a website's terms looked like as of the date the plaintiff used the website, and thus the court reasoned it was inappropriate to take judicial notice of a version of the terms that may not have been in effect at the time of plaintiff's use. 2019 WL 1171161 at *11. Here, unlike *Zaragoza*, Klaviyo has shown that the terms of the Every Man Jack and Shopify agreements were substantially the same for the entire period during which Plaintiff could have visited www.everymanjack.com within the statute of limitations for his claims. Dkt. 18 at n.7. Plaintiff does not dispute this.

Plaintiff also argues that judicial notice of Exhibit A through K is improper because "they are used to dispute the facts alleged in the complaint." Opp. at 3. Notably, Plaintiff does not identify *any* facts that Klaviyo is purportedly disputing via the exhibits. Plaintiff's argument is also at odds with how Klaviyo actually uses the exhibits. For example, Exhibit A is a Web Archive capture showing that a cookie consent banner appeared on Every Man Jack's homepage. Ex. A at 2. Klaviyo uses Exhibit A to argue that Plaintiff had notice of Every Man Jack's Privacy Policy. *See* Dkt. 18 at 11. This does not dispute any facts in Plaintiff's Complaint because Plaintiff has not pled any facts regarding what notice Every Man Jack's site provided or any facts regarding what the website looked like when he accessed it. Similarly, Klaviyo uses Exhibit C—a screenshot of the checkout page on www.everymanjack.com—to show the notice of the Shopify Privacy Policy that the checkout page provided to Plaintiff when he made a purchase on the site. *Id.* at 14. This does not dispute any facts in Plaintiff's Complaint because Plaintiff pleads only that he made a purchase on www.everymanjack.com, he does not plead any facts about what the website presented to him when he made the purchase. *EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1322 (C.D. Cal. 2023) (taking judicial notice of Wayback Machine captures to determine what "various historical versions of a website" looked like, and thus the notice they provided).

Indeed, Klaviyo uses the exhibits identified in its RJN to show what notices and agreements Plaintiff was presented with when he used Every Man Jack's website, and what he consented to under those agreements. Plaintiff incorrectly characterizes Klaviyo's request as asking the court to "take judicial notice of disputed facts" contained in the exhibits "to resolve competing theories." Opp. at 3. This is plainly incorrect, as Plaintiff does not identify *any* facts in the exhibits that he disputes. *See generally* Opp.

### C. Klaviyo Does Not Need Testimony to Authenticate Captures from the Web Archive

Plaintiff is incorrect that Klaviyo needed to submit any testimony to authenticate Exhibits A, B, D, E, and H. As explained in Klaviyo's RJN, all the exhibits are archives of websites captured by the Internet Archive's Wayback Machine. RJN at 4. In this district, "judicial notice of websites and their contents is typically proper if the requesting party provides the court with a copy of the specific

web page," as Klaviyo has here. *Google Location Hist. Litig.*, 428 F. Supp. 3d at 190 (taking judicial notice of webpages, including ones from online archive, based only on attorney declaration). Consistent with this rule, courts in this and other districts routinely take judicial notice of website captures from the Wayback Machine with no authentication other than an attorney declaration because their accuracy cannot reasonably be questioned. *See, e.g.*, *Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015) (taking judicial notice of Wayback Machine archives without any testimony regarding authentication); *UL LLC v. Space Chariot Inc.*, 250 F. Supp. 3d 596, 604 (C.D. Cal. 2017) (taking judicial notice of Wayback Machine captures because their "accuracy cannot reasonably be questioned."); *Pond Guy, Inc. v. Aquascape Designs, Inc.*, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014) (taking judicial notice of page from Wayback Machine because its "accuracy . . . cannot reasonably be questioned"). Once again, Plaintiff failed to distinguish any of these cases, which Klaviyo cited in its RJN.

Plaintiff cites a single case that declined to take judicial notice of a webpage from the Wayback Machine: *Luong v. Super Micro Computer, Inc.*, 2025 WL 1696819 (N.D. Cal. June 17, 2025). In *Luong*, the court reasoned that the *facts asserted* in the Wayback Machine archive were not "capable of accurate and ready determination." *Id.* at *5. But as explained above, Klaviyo is not asking the Court to take judicial notice of the facts asserted in any of its exhibits. Accordingly, the court's reasoning in *Luong* is inapposite.

### D. Klaviyo's Exhibits Are Properly Subject to Judicial Notice Even if They Are Not "Central" to Plaintiff's Claims

Contrary to Plaintiff's argument, Klaviyo was not required to show that Exhibits A through K are "central" to Plaintiff's claims for the Court to take judicial notice. Opp. at 5-6. Centrality of a document to the claims in a complaint is one basis for judicial notice. But it is not the only basis, and is not the one on which Klaviyo relies here. Instead, Klaviyo's RJN properly established that the exhibits are publicly available and their authenticity and accuracy is not subject to dispute. *See, e.g.*, *Google Location Hist. Litig.*, 428 F. Supp. 3d at 189 ("a court may take judicial notice [of] . . . publicly accessible websites whose accuracy and authenticity is not subject to dispute"). Plaintiff's reliance on *Khoja v. Orexigen Therapeutics, Inc.* is misplaced. In *Khoja*, the Ninth Circuit explained

that it was improper for the district court to find that certain documents were incorporated into the plaintiff's complaint by reference where they were not actually referenced in the complaint. 899 F.3d 988, at 1007-08 (9th Cir. 2018). But here, Klaviyo does not argue that any of its exhibits were incorporated into Plaintiff's Complaint by reference.

**IV. CONCLUSION**

Klaviyo's RJN established that Exhibits A through K are publicly available and their accuracy and authenticity are not reasonably subject to dispute. In its Opposition, Plaintiff does not raise any challenge to the exhibits' accuracy or authenticity. Thus, Exhibits A through K are properly subject to judicial notice. *Google Location Hist. Litig.*, 428 F. Supp. 3d at 189.

Dated: November 20, 2025 HUESTON HENNIGAN LLP

By: [signature]

Moez M. Kaba
Vicki Chou
Deeksha Kohli
Chandler Matz
*Attorneys for Defendant*
*KLAVIYO, Inc.*