UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUI NGUYEN,<br><br>        Plaintiff,<br><br>    v.<br><br>KLAVIYO, INC.,<br><br>        Defendant. | Case No. 25-cv-06551-EKL<br><br>**ORDER DENYING MOTION TO DISMISS AND REQUEST FOR JUDICIAL NOTICE**<br><br>Re: Dkt. Nos. 18, 20 |

        Plaintiff brings this suit on behalf of a putative class, alleging that Defendant Klaviyo, Inc. uses its "'powerful web tracking' software" installed on third-party, e-commerce websites to "surreptitiously" collect Plaintiff and the putative class members' "detailed browsing and purchasing activities across the internet." Compl. ¶¶ 1, 3, 15, 20, ECF No. 1. Plaintiff alleges that this conduct violates the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631(a), 635, and 638.51. Defendant moves to dismiss the complaint, largely based on Plaintiff's alleged consent to the data collection at issue via terms of service and privacy policies. *See* Mot. to Dismiss ("Mot."), ECF No. 18. The Court heard oral argument on the motion on January 20, 2026. ECF No. 37. Having carefully considered the parties' briefs and arguments at hearing, the Court DENIES Defendant's motion to dismiss and related request for judicial notice.[1]

        **A.    Request for Judicial Notice**

        In ruling on Rule 12(b)(6) motions, courts generally do not consider material outside the pleadings. *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (citation omitted). However, courts may consider facts in public records that are "not subject to reasonable

---

[1] This Order assumes the reader's familiarity with the facts of the case, the applicable legal standards, and the arguments made by the parties.

United States District Court
Northern District of California

1  dispute" because they "can be accurately and readily determined from sources whose accuracy
2  cannot reasonably be questioned." Fed. R. Evid. 201(b).  But even under those circumstances,
3  courts may not take judicial notice of "disputed facts contained in such public records." *Khoja v.*
4  *Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*,
5  250 F.3d 668, 689 (9th Cir. 2001)).

6  Defendant asks the Court to take judicial notice of eleven exhibits consisting of
7  screenshots of www.everymanjack.com, both current versions and archived versions, and terms of
8  service and privacy policies found on www.everymanjack.com and www.shopify.com webpages.
9  *See* Req. for Judicial Notice, ECF No. 20.  Defendant argues that the Court should take judicial
10  notice because the exhibits "all depict publicly available websites and there is no reasonable
11  dispute as to their accuracy or authenticity." *Id.* at 5.  However, "[t]he simple act of posting
12  something publicly on the Internet is insufficient assurance of an exhibit's accuracy." *Thornton v.*
13  *Mindvalley, Inc.*, No. 24-cv-00593, 2025 WL 877714, at *2 (N.D. Cal. Feb. 14, 2025) (quoting
14  *Cappello v. Walmart Inc.*, No. 18-cv-06678, 2019 WL 11687705, at *3 (N.D. Cal. Apr. 5, 2019)).
15  This is particularly true when the websites are those of non-governmental third parties, such as the
16  ones here. *Harmoni Int'l Spice, Inc. v. Bai*, 2016 WL 6542731, at *23 (C.D. Cal. May 14, 2016)
17  ("Although courts routinely take judicial notice of government documents and public records
18  available from government websites, . . . courts do not routinely take judicial notice of document
19  printouts from private, third-party websites." (citations omitted)); *see also Rollins v. Dignity*
20  *Health*, 338 F. Supp. 3d 1025, 1032-33 (N.D. Cal. 2018).  Moreover, Plaintiff raises reasonable
21  grounds for questioning the accuracy and authenticity of the exhibits.  *See* Opp. to Req. for
22  Judicial Notice at 3-4, ECF No. 28.  Finally, judicial notice is improper because Defendant seeks
23  to introduce the content of the exhibits to establish the truth of disputed facts relating to a central
24  issue in this case, *i.e.*, whether Plaintiff consented to the data collection.  *See* Mot. at 1; Reply in
25  Supp. of RJN at 5, ECF No. 33.  *Khoja* prohibits this.  899 F.3d at 999.  Accordingly, the Court
26  denies Defendant's request.

27
28

**B.     Motion to Dismiss**

Defendant moves to dismiss Plaintiff's claims for violations of California Penal Code §§ 631, 635, and 638.51, under Federal Rule of Civil Procedure 12(b)(6). Defendant also argues that Plaintiff does not have standing to seek injunctive relief under CIPA. The Court addresses each argument in turn.

**1.     Cal. Penal Code § 631**

Defendant raises three arguments regarding why Plaintiff's claim asserting Defendant violated § 631 should be dismissed. The Court addresses each argument, concluding that Plaintiff has sufficiently alleged a claim.

*First*, relying on the exhibits in its request for judicial notice, Defendant argues that Plaintiff agreed to the terms of service and policies contained therein, thereby consenting to Defendant's collection of his data. Mot. at 9-16. Because the Court declines to take judicial notice of these exhibits, it cannot rely on such exhibits to determine whether Plaintiff consented to the data collection at issue. Here, Plaintiff adequately alleges he did not consent to having his data collected by Defendant when he made a purchase on everymanjack.com. *See* Compl. ¶¶ 7, 20-21, 34, 38-39.

*Second*, Defendant asserts that Plaintiff fails to plausibly allege that Defendant is a third-party eavesdropper as required under § 631. Mot. at 17. The Court disagrees. Plaintiff alleges that Defendant: (1) embedded its software into the everymanjack.com website and, thereby, intercepted and redirected the communications between Plaintiff and the website in real time, and (2) uses and profits from the data it collects through this software. *See, e.g.*, Compl. ¶¶ 16-17, 20, 32. The Court finds that Plaintiff has adequately alleged that Defendant acted as a third-party eavesdropper for purposes of his § 631 claim. *See, e.g.*, *Revitch v. New Moosejaw, LLC,* No. 18-cv-06827, 2019 WL 5485330, at *1-2 (N.D. Cal. Oct. 23, 2019) (finding plaintiff "adequately allege[d] that NaviStone acted as a third party that eavesdropped on his communications with Moosejaw because the code embedded into the Moosejaw.com pages functioned as a wiretap that redirected his communications to NaviStone while he browsed the site"); *see also L.B. v. LinkedIn Corp.*, No. 5:24-cv-06832, 2025 WL 2899514, at *15 (N.D. Cal. Oct. 10, 2025) (collecting cases).

*Third*, Defendant contends that Plaintiff does not allege that it collected "the contents of any communications" as required by § 631. Mot. at 18. Plaintiff alleges Defendant collected the URL information and any text he typed into the search bar on everymanjack.com. Compl. ¶ 35. The complaint contains an image showing the kind of information Defendant allegedly intercepts when consumers enter text in the search bar, including a URL with the following text: "specialperfume." *Id.* ¶ 17. "Descriptive URLs that reveal specific information about a user's queries reflect the 'contents' of a communication." *St. Aubin v. Carbon Health Techs., Inc.*, No. 24-cv-00667, 2024 WL 4369675, at *4 (N.D. Cal. Oct. 1, 2024) (collecting cases). Thus, the Court finds Plaintiff has adequately alleged Defendant intercepted the contents of his communications.

In its reply brief, Defendant argues "that Plaintiff cannot base his claim on the alleged interception of both content and non-content information." Reply at 12, ECF No. 31. As support, Defendant relies on *Graham v. Noom, Inc.* 533 F. Supp. 3d 823 (N.D. Cal. 2021). In *Graham*, the court dismissed plaintiffs' § 631 claim "to the extent that it is predicated on non-content information." *Id.* at 833 (providing that "[i]n any amended complaint, the plaintiffs can delineate content from non-content records"). The court in *Graham* did not dismiss the claim to the extent that it was based on content information. Thus, *Graham* does not suggest – as Defendant argues – that a § 631 claim should be wholly dismissed even if it is based in part on content information. Accordingly, the Court holds that Plaintiff has stated a claim under California Penal Code § 631.

### 2. Other Claims

Based on the Court's findings as to the § 631 claim, Plaintiff has adequately alleged his other claims under California Penal Code §§ 635 and 638.51. As to the former, Defendant asserts that Plaintiff does not have a private right of action under § 635 because he fails to plausibly allege eavesdropping. Mot. at 20. Because the Court concludes that Plaintiff has alleged a claim under § 631 for eavesdropping, the Court finds that Plaintiff has adequately alleged his § 635 claim. As to the latter, Defendant argues that Plaintiff fails to state a claim under § 638.51 because he consented to the data collection at issue. Reply at 13-14. Because Plaintiff has adequately alleged that he did not consent, the Court concludes that Plaintiff has sufficiently pled his § 638.51 claim.

### 3. Injunctive Relief

Defendant asserts that Plaintiff lacks standings to seek injunctive relief now that he has notice of its alleged data collection. To have standing to seek injunctive relief, a plaintiff "must show either continuing, present adverse effects due to" defendant's past illegal conduct "or a sufficient likelihood that [they] will again be wronged in a similar way." *Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1119-1120 (9th Cir. 2020) (citation modified) (affirming the approval of a class action settlement, finding that plaintiffs had standing to seek to enjoin Facebook's private message practices). In *Campbell*, the plaintiffs alleged that Facebook's private message practices violated federal and state privacy laws, including CIPA. These practices included scanning private messages, collecting URL links to websites from the private messages, and then using this data for the benefit of itself and third parties, all without the user's consent. *Id.* at 1112, 1119-1120. The Ninth Circuit held that the plaintiffs had standing to seek injunctive relief because of Facebook's ongoing data collection practices and given Facebook's continued retention of the data at issue. *Id.* at 1120 (concluding that the "ongoing retention of the data" and related risks resulted in "continuing harm plus likelihood of future harm[,]" which "was sufficient for Plaintiffs to have standing to seek injunctive relief").

Here, Plaintiff alleges the following: (1) Defendant "collects consumers' detailed browsing and purchasing activities across the internet" using its tracking software that is embedded into the e-commerce websites of "[h]undreds of thousands of businesses," Compl. ¶¶ 1-3, 15 (detailing the information Defendant allegedly collects); (2) Defendant uses the data it collects to create comprehensive consumer profiles for its customers (the e-commerce websites), *id.* ¶¶ 20, 23-24; (3) Defendant has "a feature called 'anonymous visitor activity backfill'" that allows its clients to "capture onsite activity for a shopper prior to identification" and to later match that information to a specific shopper upon identification, *id.* ¶ 27 (citation modified); (4) Defendant uses artificial intelligence algorithms to make predictions about the consumer's future spending, *id.* ¶¶ 28-29; and (5) Defendant also leverages the consumer data it has collected to improve its own products and to help "its business customers . . . compare their commerce store's performance with that of other stores within the same industry," *id.* ¶ 32.

Plaintiff's allegations are sufficient to establish he has standing to seek injunctive relief under CIPA. Similar risks exist here as in *Campbell*. Defendant continues to collect data on other websites that Plaintiff may visit. Defendant continues to use the retained data from everymanjack.com and other websites for its own purposes or for its clients. Because there is a risk of continuing collection and use of his existing data, the Court finds that Plaintiff has standing to seek injunctive relief under CIPA.

Defendant argues that Plaintiff does not have standing to seek injunctive relief under CIPA because Plaintiff is on notice of Defendant's alleged data collection practices and any continued use of the everymanjack.com website would constitute consent. Mot. at 24 (citing *Jones v. Peloton Interactive, Inc.*, 720 F. Supp. 3d 940 (S.D. Cal. 2024); *Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833 (S.D. Cal. 2024)). However, unlike the plaintiffs in the cases cited by Defendant, Plaintiff alleges that Defendant uses the data outside of the specific website he visited. Thus, Plaintiff's choice to visit the everymanjack.com website or not does not dictate whether he has standing to seek to enjoin Defendant from using the data allegedly collected from him (and the putative class). Thus, as in *Campbell*, the Court finds that Plaintiff sufficiently alleges that there is an ongoing risk of continuing and future harm and, in turn, has standing to seek injunctive relief under CIPA.

### C.     Conclusion

For the foregoing reasons, Defendant's motion to dismiss and its request for judicial notice are DENIED.

**IT IS SO ORDERED.**

Dated: February 20, 2026

_____
Eumi K. Lee
United States District Judge